**YOUNG RADIATOR COMPANY,**
**Plaintiff,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, U. A. W., and its Local Union No. 37, Defendants.**

**No. 81–C–975.**

United States District Court,
E. D. Wisconsin.

July 7, 1982.

David J. Parsons, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., and Richard J. Kreul, Brown, Black, Riegelman & Kreul, Racine, Wis., for plaintiff.

George F. Graf, James P. Maloney, Zubrensky, Padden, Graf & Bratt, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

There are cross motions for summary judgment in this case. The complaint of Young Radiator Company seeks to vacate and set aside an arbitration award. The defendants' counterclaim seeks an order of the court to enforce the arbitration award. The plaintiff's motion will be denied, and the defendants' application for enforcement will be granted.

Pursuant to a collective bargaining agreement, there was a submission to arbitration the question of the propriety of the company's discharge of an employee, one Joseph Guerrero. On or about December 15, 1979, there was a theft of over $33,000 of silver solder used by the company in its manufacturing processes. Suspicion fell on Joseph Guerrero because at approximately the same time as the theft, loose silver solder was discovered at a perimeter fence where a hole had been cut; at the same place, a letter addressed to Mr. Guerrero was found. Mr. Guerrero was suspended by the company on December 19, 1979, pending the investigation, and subsequently, on January 17, 1980, he was discharged. The termination notice referred to "circumstances indicating Joe Guerrero is responsible for theft of silver solder." The termination notice also included a reference to Mr. Guerrero's admission that "he took silver solder from the Company on occasion in the past". The arbitrator determined that the company had not adequately established that Mr. Guerrero was guilty of the theft of silver solder on or about December 15, 1979. Accordingly, it is the reference to the alleged admission which is at issue before this court.

The record discloses that Mr. Guerrero declined to submit to a polygraph test and gave as a reason for this refusal that "he had taken home a small quantity of silver solder in the past, and he didn't want that to show on a test. . . ." The company urges that this constitutes an admission of theft and activates the company's right to discharge the employee under the terms of Article XII of the collective bargaining

agreement. Article XII, relating to discipline and discharge, provides in section 12.2 that an employee is entitled to a warning notice before being discharged. It goes on to provide that no warning notice is required in case of "Theft of Company property...." In addition to his finding that the company had not proved Mr. Guerrero's guilt relative to the theft on December 15, 1979, the arbitrator also rejected the employee's admission as a basis for establishing the company's case. The arbitrator found that the admission was not the motivating cause for the grievance discharge, noting that the original suspension of Mr. Guerrero took place long before the company was aware of the matters contained in his admission regarding his previous conduct.

Upon its motion for summary judgment, the company urges that the arbitrator's award does not draw its essence from the collective bargaining agreement, and therefore it cannot be enforced. *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386 (7th Cir. 1981). The company interprets Mr. Guerrero's statement as an admission of theft and, in reliance on Article XII of the agreement, it insists that theft is an unequivocal basis for a discharge.

In my opinion, it cannot be said that the arbitrator's award manifests an infidelity to his obligation to have his decision draw its essence from the collective bargaining agreement. The language used by Mr. Guerrero in his statement is not an unequivocal confession of theft; it does not preclude the possibility of an intent to return the item. Thus, the taking home of a small quantity of an employer's property does not necessarily imply an *animus furandi* because it does not resolve the matter of *permanent* deprivation.

The arbitrator was also entitled to conclude that the true reason for Mr. Guerrero's suspension and discharge was the alleged theft of silver solder on December 15, 1979, rather than the taking of a small item some years in the past. It follows that the company errs in its interpretation that the arbitration award constitutes a nullification, amendment or modification of the collective bargaining agreement. I am convinced that the arbitrator did not exceed his authority or intrude personal and subjective thoughts that fairly can be called extraneous to the collective bargaining agreement.

Accordingly, I will deny the plaintiff's application to set aside the arbitration award. The union's motion for an order of enforcement will be granted. However, the latter's application for attorney's fees will be denied. I find no basis for believing that the company's challenge to the award was totally without justification. *See Amoco Oil Company v. Oil, Chemical and Atomic Workers International Union*, 548 F.2d 1288 (7th Cir. 1977).

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendants' motion for an order of enforcement of the arbitrator's award be and hereby is granted.

IT IS FURTHER ORDERED that the defendants' motion for an award of attorney's fees be and hereby is denied.