**STROH DIE CASTING CO., INC., Petitioner,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, LODGE NO. 10, Respondent.**

No. 82–C–576.

United States District Court, E.D. Wisconsin.

Oct. 15, 1982.

Albert H. Petajan, Brigden, Swietlik & Petajan, Milwaukee, Wis., for petitioner.

Robert E. Gratz, Goldberg, Previant, Uelmen, Gratz, Miller & Brueggeman, Milwaukee, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner Stroh Die Casting, Inc. has moved to vacate an arbitration award, and the respondent union has applied for an order confirming the said arbitration award. An employee of Stroh, William Ladwig, was discharged by Stroh on August 21, 1981, for allegedly having stolen a barrel from the company premises. Pursuant to the collective bargaining agreement, the grievance involving Mr. Ladwig's discharge was submitted to arbitration. Article III provides in part as follows:

> "The decision of such arbitrator on any grievance submitted to him shall be final and binding . . . ."

Stroh has published certain shop rules, one of which calls for automatic discharge for an employee who steals property of the company.

■ The arbitrator conducted the hearing on November 20, 1981, and issued his decision on February 10, 1982. He found that Stroh did not have just cause to terminate Mr. Ladwig. In his written opinion the arbitrator refers to Stroh's failure to provide Mr. Ladwig with an opportunity to defend himself prior to the discharge and also to the company's failure to investigate fully the facts surrounding the alleged theft. The principal thrust of the arbitrator's decision seems to rest upon his conclusion that Stroh failed to establish by proof that went beyond a reasonable doubt that

Mr. Ladwig intended to commit a theft. In short, Mr. Brodie found that the company failed to prove a felonious intent on the part of Mr. Ladwig.

Stroh urges that the arbitrator exceeded his authority, and that in his award, he altered or modified the collective bargaining agreement. In my opinion, it is clear that the arbitrator's award "draws its essence" from the labor contract and that it is inappropriate to denominate the award as either arbitrary or capricious. I believe that Mr. Brodie's award constitutes a rational interpretation of the labor agreement. *See Amoco Oil Co. v. Oil, Chemical and Atomic Workers International Union, Local 7–1, Inc.,* 548 F.2d 1288, 1293–94 (7th Cir.1977).

In a recent case, I had occasion to consider a closely related question. In *Young v. International Union, United Automobile, Aerospace, Agricultural Implement Workers of America, U.A.W., and Its Local Union No. 37,* 544 F.Supp. 32 (E.D.Wis.1982), I stated as follows:

> "In my opinion, it cannot be said that the arbitrator's award manifests an infidelity to his obligation to have his decision draw its essence from the collective bargaining agreement. The language used by Mr. Guerrero in his statement is not an unequivocal confession of theft; it does not preclude the possibility of an intent to return the item. Thus, the taking home of a small quantity of an employer's property does not necessarily imply an *animus furandi* because it does not resolve the matter of *permanent* deprivation." (Emphasis in original).

■ The company suggests that even if the incident involving the barrel was not an act of "theft," it was misconduct which should have constituted good cause for the discharge of Mr. Ladwig. Since Stroh had based its discharge on the theory that Mr. Ladwig had engaged in theft, and since no other reason for the discharge was advanced by Stroh, I find no justification for the company's claim that the arbitrator was obliged to find Mr. Ladwig guilty of a lesser offense.

The petitioner also advances arguments that the award reflects a "manifest disregard of the law" and that it violates public policy. I find both of these contentions unimpressive under the facts of the case at bar.

■ Finally, the company urges that the issue of theft was res judicata because a state agency in considering whether unemployment compensation benefits were payable had previously concluded adversely to Mr. Ladwig on the ground that his actions constituted a theft. In my opinion, it was agreed that the issue of just cause under the collective bargaining agreement was to be resolved by the arbitrator, and he was not in any way bound by a prior administrative resolution. *See Cheese v. Afram Bros. Co.,* 32 Wis.2d 320, 324, 145 N.W.2d 716 (1966).

■ Although Mr. Ladwig was reinstated to his previous employment subsequent to the arbitration award, he has not been provided with the back pay which was directed in the arbitrator's award. In addition to confirming the award, this court will direct that interest be paid to Mr. Ladwig on his back pay from the date of the arbitrator's award, February 10, 1982. However, the respondent's request for attorney's fees will be denied.

Therefore, IT IS ORDERED that the petitioner's motion to vacate the arbitration award be and hereby is denied.

IT IS ALSO ORDERED that the respondent's motion to confirm the arbitration award be and hereby is granted.

IT IS FURTHER ORDERED that interest be and hereby is awarded in favor of Mr. Ladwig in the amount of twelve percent of his back pay from February 10, 1982, to the date of payment.

IT IS FURTHER ORDERED that the respondent's application for attorney's fees be and hereby is denied.