734 F.2d 321
 116 L.R.R.M. (BNA) 2575, 101 Lab.Cas. P 11,054
 YOUNG RADIATOR COMPANY, Plaintiff-Appellant, Cross-Appellee,
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, U.A.W.,
AND ITS LOCAL UNION NO. 37,
Defendants-Appellees, Cross-Appellants.
 Nos. 82-2215, 82-2240.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 11, 1984.
Decided May 15, 1984.
Rehearing and Rehearing En Banc Denied June 7, 1984.
 
 David J. Parson, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff-appellant, cross-appellee.
 George F. Graf, Zubrensky, Padden, Graf & Maloney, Milwaukee, Wis., for defendants-appellees, cross-appellants.
 Before ESCHBACH and FLAUM, Circuit Judges, and SWYGERT, Senior Circuit Judge.
 FLAUM, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the district court 544 F.Supp. 32 enforcing an arbitration award. Because we find that the arbitrator's award was based on considerations not found in the terms of the parties' collective bargaining agreement, we reverse the judgment of the district court and order the court to remand to the arbitrator.
 
 I.
 
 2
 The appellant, Young Radiator Company ("Young Radiator"), and appellees, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, U.A.W., and its Local Union No. 37, were parties to a collective bargaining agreement covering approximately 300 of the appellant's employees at plants located in Racine, Wisconsin. On or about December 15, 1979, there was a theft from a Young Radiator plant of more than $33,000 worth of silver solder, which the company used in its manufacturing process. Shortly after the theft was discovered, investigators found some physical evidence that, they believed, implicated a Young Radiator employee named Joseph Guerrero. On December 17, Guerrero was arrested by an officer of the Racine County Sheriff's office. The next day, Louis Wynhoff, a detective with that office, interrogated Guerrero. During the course of that interrogation, Wynhoff asked Guerrero to submit to a polygraph test. Guerrero indicated that he did not wish to do so, and he asked Wynhoff if he could speak "off the record." When Wynhoff said yes, Guerrero stated that he did not want to take a polygraph test because he had taken a small quantity of silver solder from Young Radiator in the past and was afraid that this would "show up" on a polygraph test.[1] Wynhoff later related Guerrero's remarks to Fred Young, a Young Radiator executive.
 
 
 3
 On the same day that Guerrero was arrested, December 17, 1979, Young Radiator suspended Guerrero pending investigation of the December 15 theft of silver solder. On December 26, Guerrero filed a grievance protesting his suspension. That grievance was denied, as were subsequent grievances. On January 17, 1980, Young Radiator discharged Guerrero. The termination slip stated, "Due to circumstances indicating that Joe Guerrero is responsible for theft of silver solder, including an admission to sheriff's detectives that he took silver solder from the company on an occasion in the past he is being discharged." Pursuant to the collective bargaining agreement between Young Radiator and the appellees, Guerrero's union, the case went to arbitration.
 
 
 4
 The precise question before the arbitrator was whether Guerrero was "discharged for just cause." Appellant's Appendix at 7. After conducting a hearing, the arbitrator determined that Young Radiator had not established adequately that Guerrero was responsible for the theft of silver solder on December 15, 1979, and that therefore this could not be the basis for Guerrero's discharge.[2] Young Radiator has not challenged that determination. However, the arbitrator also determined that Guerrero's admission concerning his earlier taking of silver solder did not constitute "just cause" for the discharge, and he ordered Guerrero reinstated. Young Radiator appealed this latter determination to the district court. The district court upheld the arbitrator's determination that Guerrero's admission did not constitute just cause for the discharge, and it affirmed the arbitrator's award. Young Radiator's appeal to this court followed.
 
 II.
 
 5
 The law that we must apply in reviewing the arbitrator's decision in this case is very well established. The Supreme Court has stated:
 
 
 6
 [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.
 
 
 7
 United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).[3] In accordance with this principle, a court is strictly limited in reviewing an arbitration award to the determination of whether the award "draws its essence from the collective bargaining agreement" and whether "the arbitrator's words manifest an infidelity to this obligation." F.W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local 781, 629 F.2d 1204, 1215 (7th Cir.1980), cert. denied, 451 U.S. 937, 101 S.Ct. 2016, 68 L.Ed.2d 324 (1981); Amoco Oil Co. v. Oil, Chemical & Atomic Workers International Union, Local 7-1, 548 F.2d 1288, 1293-94 (7th Cir.), cert. denied, 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977).
 
 
 8
 The appellant Young Radiator argues on this appeal that the arbitrator failed to confine himself to the terms of the collective bargaining agreement in arriving at his decision and that therefore the arbitrator's award fails to "draw its essence from the collective bargaining agreement." More specifically, Young Radiator contends that the arbitrator refused to accept Guerrero's admission of the earlier taking of solder as a sufficient cause for the discharge only because he did not believe it to be the "motivating cause" for the discharge. According to Young Radiator, this decision was improper because the parties' collective bargaining agreement clearly authorizes the company to discharge employees for theft, and nowhere requires that a "just cause" for a discharge be the motivating cause for the discharge. The appellees respond by arguing that Guerrero's statement was not an unequivocal admission of theft and thus did not constitute sufficient evidence of a theft to justify the discharge.[4] According to the appellees, this failure by Young Radiator to meet its burden of proof was the basis for the arbitrator's decision, and therefore the decision was entirely proper. We note that the appellees have not argued that the "motivating cause" line of reasoning that Young Radiator attributes to the arbitrator was proper. Rather, their position seems to be that the arbitrator's "motivating cause" analysis was not the basis for the arbitrator's decision.
 
 
 9
 As framed by the parties' arguments, the main issue on this appeal is the precise basis for the arbitrator's decision. We agree with the parties that our main task is to interpret the arbitrator's opinion, and we have examined that opinion closely. Based on that examination, we conclude that the arbitrator did rest his decision solely on a belief that Guerrero's admission was not the motivating cause for the discharge.
 
 
 10
 This conclusion is based on our reading of pages twelve through fifteen of the arbitrator's opinion. Appellant's Appendix at 18-21. At page twelve, the arbitrator begins to discuss the question of whether Guerrero's admission constituted just cause for the discharge:
 
 
 11
 The Company argues that even if grievant was not guilty of the December theft the Company was still justified in discharging him as "grievant admitted to stealing small amounts of silver in the past." The Company contends that the amount taken is immaterial. While I basically agree with that premise the situation here is not quite the way the Company views it. In the first place Officer Wynhoff wrote in this report that grievant admitted taking "a very small piece of scrap silver" quite some time in the past. The Company seems to translate that into something more, interpreting it as an admission of multiple thefts, i.e. small amounts of silver in the past. The Company contends that this admission is uncontradicted in the record and I must accept it. Again I agree. However, I do not have to accept that admission as sufficient to establish the Company case and for the reasons set forth below I do not.
 
 
 12
 In the first place I do not accept that this admission was the motivating cause for grievant's discharge.
 
 
 13
 The arbitrator never states a second reason for his determination that the admission was not a proper basis for the discharge. Instead, the remainder of the arbitrator's opinion consists of support for his statement that the admission was not the motivating cause for the discharge. He concludes by saying:
 
 
 14
 I do not believe this case is about "a very small piece of scrap silver" that was taken at an unknown time in the past. This case is about $33,000 worth of material that was stolen from the plant on December 14-15, 1979, and for which the grievant has been blamed, arrested, tried and found not guilty.
 
 
 15
 Based on the above and on the record as a whole I must sustain the grievance.
 
 
 16
 Appellant's Appendix at 20-21. Thus, although the arbitrator raised the possibility that Guerrero's remarks might be insufficient evidence of a theft, he never discussed the issue and never made a finding on the issue. The only finding that he did make on the subject of Guerrero's admission was that it was not the motivating cause for Guerrero's discharge. We therefore conclude that the basis for the arbitrator's decision was that Guerrero's admission was not the motivating cause for the discharge.
 
 
 17
 We further find that this decision did not "draw its essence from the collective bargaining agreement." It is undisputed that the parties' collective bargaining agreement gives Young Radiator the right to discharge an employee for theft. In this case, Young Radiator discharged Guerrero and explicitly stated that it was doing so at least in part because it believed Guerrero had committed an earlier theft against the company. Nothing in the collective bargaining agreement indicates that such a discharge should be permitted only if the earlier theft is the motivating cause for the discharge; this notion was introduced by the arbitrator himself. In so doing, the arbitrator failed to confine himself to the terms of the collective bargaining agreement. Moreover, he hampered the exercise of Young Radiator's right to discharge an employee for theft, a right that is established explicitly in that agreement. As we have noted, the appellees have not even argued that the arbitrator's "motivating cause" analysis was appropriate under the terms of the collective bargaining agreement, and we think it is clear that it was not.
 
 
 18
 We recognize, as the Supreme Court has stated, that "[a] mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. at 598, 80 S.Ct. at 1361. The case before us, however, does not involve a "mere ambiguity." The arbitrator clearly stated that he did not believe Guerrero's admission to be the motivating cause of his discharge, and, as we have found, this is the only stated reason for his decision to reinstate Guerrero. Accordingly, we find this case to be one in which "the arbitrator's words manifest an infidelity to [his] obligation" to have his decision draw its essence from the bargaining agreement.
 
 
 19
 Having determined that the arbitrator's award was improperly granted, we turn to the question of the appropriate relief. Young Radiator has asked us to reverse the district court and remand with directions to enter judgment for Young Radiator. It argues that the arbitrator found that Guerrero had admitted to committing theft against the company, and that therefore the arbitrator was required to find "just cause" for Guerrero's discharge. In support of this contention, Young Radiator points to the following portion of the arbitrator's opinion: "The Company contends that this admission is uncontradicted in the record and I must accept it. Again I agree." Appellant's Appendix at 18-19.
 
 
 20
 As we already have indicated, see supra at 325, we do not believe that the arbitrator found Guerrero's remarks to be an admission of theft. When the arbitrator wrote that he "accepted" the admission, he meant only that he believed that the statement actually was made. He did not indicate that he found the admission to be sufficient evidence of a "theft" within the meaning of the bargaining agreement. This is clear from his next sentence: "However, I do not have to accept that admission as sufficient to establish the Company case ...." As we have explained, the arbitrator then went on to discuss his belief concerning the motivating cause for Guerrero's discharge, and did not raise again the issue of whether Guerrero's statement that in the past he had taken a small quantity of silver solder from the company was sufficient evidence of theft to justify the discharge. In short, the arbitrator never ruled one way or the other on this issue.
 
 
 21
 Under these circumstances, where the arbitrator has failed to rule on the issue upon which resolution of the parties' dispute should depend, we deem it appropriate to remand to the arbitrator. Although the general rule is that a reviewing court should either enforce or vacate an arbitration award, courts have the power to remand to the arbitrator where appropriate. See Grand Rapids Die Casting Corporation v. Local Union No. 159, U.A.W., 684 F.2d 413, 416 (6th Cir.1982); Randall v. Lodge No. 1076, International Association of Machinists and Aerospace Workers, AFL-CIO, 648 F.2d 462, 468 (7th Cir.1981). Where, as here, the arbitrator fails to address fully the question presented to him, remand is appropriate. Grand Rapids Die Casting Corporation v. Local Union No. 159, U.A.W., 684 F.2d at 416.[5] Accordingly, the judgment of the district court is reversed and the case remanded, with direction to remand to the arbitrator for further findings.[6]
 
 
 22
 SWYGERT, Senior Circuit Judge, dissenting.
 
 
 23
 In my view, the arbitrator was faithful to his obligation that his award "[draw] its essence from the collective bargaining agreement." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).
 
 
 24
 The arbitrator initially concluded that the evidence presented to him was insufficient to find that Guerrero was guilty of the theft of silver solder, valued at $33,000, on December 14-15, 1979. Appellant's Appendix at 18. The arbitrator then discussed Guerrero's admitted taking of a small quantity of scrap silver solder sometime in the past, and concluded "I do not accept that this admission was the motivating cause for grievant's discharge." He explicated his conclusion by referring to the Company's written statement for the discharge which reads: "Due to circumstances indicating that [grievant] is responsible for theft of silver solder, including an admission to Sheriff's detectives that he took silver solder from the Company on an occasion in the past, he is being discharged." The arbitrator then stated, "A fair reading of this language in my opinion requires the conclusion that the 'circumstances' mentioned refer to the December theft." Id. at 19. Later in his decision the arbitrator became more specific: "I do not believe that the discharge was the result of his admission and I do not believe the Company maintains that it was .... I do not believe this case is about 'a very small piece of scrap silver' that was taken at an unknown time in the past. This case is about $33,000 worth of material that was stolen from the plant on December 14-15, 1979, and for which the grievant has been blamed, arrested, tried and found not guilty." Id. at 20-21.
 
 
 25
 In understanding the arbitrator's decision, we should have in mind the pertinent provisions of the collective bargaining agreement:
 
 Article XI--Grievances and Arbitration
 
 26
 11.6 [H]is [the arbitrator's] jurisdiction shall be limited to disputes involving the interpretation and administration of this Agreement.
 
 Article XII--Discipline and Discharge
 
 27
 12.2 [W]here discharge is for one of the following reasons, no WARNING NOTICE shall be required: ... (b) Theft of Company property or on Company premises.
 
 
 28
 12.6 Should it be determined through the grievance procedure that the employee has been discharged or suspended without just cause, the Company, shall reinstate the employee with all former rights, plus back pay, during the time of his separation from the payroll, less any other wages received through regular employment with another employer during the time of his separation from the payroll.
 
 
 29
 Interpreting the arbitrator's decision in its totality, I am convinced that he determined that the cause of the Company's action in discharging Guerrero was the December 1979 theft and that the prior taking of a small quantity of silver solder, not being the motivating cause, was not just cause. His use of the modifying term "motivating", which means something that brings about volition or prompts action, was in a sense tautological. The term "motivating cause" could have been used synonymously with the terms "real cause," "actual cause," or simply "cause." Essentially, the arbitrator concluded that when the Company failed to prove that Guerrero committed the December 1979 theft, the actual cause for his discharge, it had no other just cause for taking such action.
 
 
 30
 Although the Company could have discharged Guerrero for a prior taking of a small quantity of silver solder under section 12.2 of the bargaining agreement, it was not required to do so. In concluding that Guerrero's admitted prior taking of a small piece of silver solder was not a just or motivating cause of the discharge, the arbitrator acted well within the limits of his authority to interpret the agreement. His interpretation was made within the context of the factual circumstances he found to have existed. Those circumstances were supported by the evidence. As both the district court and this court recognized, the record in this case shows no attempt by the Company to prove the prior theft other than introducing Guerrero's off-the-record admission which was offered by Guerrero as a reason for refusing to take a lie detector test; the Company's focus throughout the arbitration hearing was on the December 1979 theft.
 
 
 31
 We are not permitted to question the arbitrator's factual findings so long as they are supported by any evidence; their sufficiency cannot be our concern. Nor may we question the correctness of the arbitrator's interpretation of the agreement in light of those factual findings so long as that interpretation is confined to the essence of the terms of the agreement and arrived at in some rational manner. In our review of the arbitrator's award and the district court's affirmance of that award, we should remind ourselves of this court's statement in Amoco Oil Co. v. Oil, Chemical & Atomic Workers, 548 F.2d 1288 (7th Cir.), cert. denied, 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977), discussing the limited reviewability of arbitrators' awards as laid down in United Steelworkers, supra, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960):
 
 
 32
 An arbitrator's award does "draw its essence from the collective bargaining agreement" so long as the interpretation can in some rational manner be derived from the agreement, "viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop, may a reviewing court disturb the award." Neither the correctness of the arbitrator's conclusion nor the propriety of his reasoning is relevant to a reviewing court, so long as his award complies with the aforementioned standards to be applied by the reviewing court in exercising its limited function.
 
 
 33
 548 F.2d at 1294 (citations omitted).
 
 
 34
 I would affirm the district court's judgment.
 
 
 
 [1]
 Precisely what Guerrero said is not clear from the record. According to the arbitrator, Officer Wynhoff wrote in a police report that Guerrero admitted taking " 'a very small piece of scrap silver' quite some time in the past." Appellant's Appendix at 18. However, at the arbitration hearing Wynhoff stated that Guerrero "said that he had upon previous occasions taken home a small quantity of silver solder from Young Radiator ...." Appellant's Appendix at 31 (emphasis added)
 
 
 [2]
 The record indicates that Guerrero was criminally prosecuted by the state for burglary and felony theft in connection with the December 15 theft of silver solder. He was found not guilty of burglary, and there was a hung jury on the felony theft charge. The state attempted to retry the felony theft charge, but the defense successfully resisted on a double jeopardy theory. The state appealed, but the result of that appeal is not indicated in the record. Appellant's Appendix at 14
 
 
 [3]
 The collective bargaining agreement between the parties in this case also explicitly limits the role of the arbitrator. It states:
 It is agreed that the arbitrator shall have no power either to add to, or subtract from, or to modify the terms of this Agreement or any Agreements made supplementary hereto, and his jurisdiction shall be limited to disputes involving the interpretation and administration of this Agreement.
 Appellant's Br. at 8-9.
 
 
 [4]
 The appellees' argument is that all of the elements of the crime of theft were not evidenced by Guerrero's statement. For example, they argue, it is not evident from Guerrero's statement that Guerrero took the silver solder without the permission of the company. Appellees' Reply Br. at 4-5
 
 
 [5]
 Similarly, where the basis for an arbitrator's decision is unclear, but the arbitrator's opinion suggests that the decision does not draw its essence from the collective bargaining agreement, remand is appropriate to have the arbitrator clarify the basis for his or her decision. Randall v. Lodge No. 1076, International Association of Machinists and Aerospace Workers, AFL-CIO, 648 F.2d at 468. Thus, even if we had found the basis for the arbitrator's decision in this case to be unclear, we still would deem it appropriate to remand to the arbitrator
 
 
 [6]
 The appellees have argued that Young Radiator's refusal to accept the arbitrator's decision is without justification, and that therefore Young Radiator should pay for the appellees' attorneys' fees incurred in this litigation. The district court rejected this argument. In light of our holding, we affirm the decision of the district court on this issue