91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard A. GANEY; L. Larry Bryant; Alpha Properties, Inc.;
Robertson Management Services, Inc.; Thomas McNamara;
Joyce Randolph; Bill Overstreet; Rachel Overstreet,
Plaintiffs-Appellants, Cross-Appellees,
v.
Joseph RAFFONE; Vita L. Raffone; J.D. Raffone Associates,
Inc., Defendants-Appellees, Cross-Appellants,
Mortgage Service Associates, Defendant-Appellant.
 No. 94-6298, 94-6300.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1996.
 
 Before: KEITH and SILER, Circuit Judges; GIBBONS, District Judge.*
 SILER, Circuit Judge.
 
 
 1
 Plaintiffs appeal the district court's denial of their motion to enter judgment against Defendants Joseph Raffone, Vita Raffone, and J.D. Raffone Associates, Inc. ["JDRA"] [collectively "the Raffones"] pursuant to an arbitration award. Mortgage Services Associates, Inc. ["MSA"] appeals the district court's decision to enjoin it from marketing or selling franchises pursuant to that same award. In light of the ambiguity in the arbitration award, this court VACATES the decision of the district court and REMANDS for clarification.
 
 I.
 
 2
 The plaintiffs ["the franchisees"] initiated this action on December 21, 1990 against the Raffones and MSA pursuant to the Racketeer Influenced and Corrupt Organizations Act ["RICO"], 18 U.S.C. § 1964(c).[1] The franchisees alleged that the Raffones engaged in mail and wire fraud in advertising, selling, and serving their mortgage service franchises.[2] On June 28, 1991, pursuant to an arbitration clause in the franchise agreement, the district court stayed the proceedings and ordered the matter to arbitration before the American Arbitration Association ["AAA"] in New Haven, Connecticut.
 
 
 3
 On May 6, 1994, the AAA rendered its decision in favor of the franchisees against MSA. The franchisees' motion to enter judgment against MSA was subsequently granted by the district court. The franchisees also moved to enter judgment against Joseph Raffone, Vita Raffone, and JDRA. In response, the Raffones moved that judgment be entered in their favor. They argued that the arbitration panel awarded relief solely against MSA; therefore, the principles of res judicata precluded the court from converting the award into a judgment against any other defendant. The court denied the franchisees' motion and entered judgment in favor of the Raffones. The court also enjoined MSA from further marketing or selling franchises.
 
 II.
 
 4
 The power of the arbitration panel to hear this dispute pursuant to the contractual provision is not at issue. See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); see also Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 242 (1987) (referring civil RICO actions to arbitration). Neither party argues on appeal that the arbitrators exceeded their power or that the panel relied on a material mistake of fact. See National Post Office, Mailhandlers, Watchmen, Messengers & Group Leaders Div. v. United States Postal Serv., 751 F.2d 834, 843 (6th Cir.1985). Rather, the sole issue before this court is the interpretation of the award.
 
 
 5
 In its order, the arbitration panel made the following awards:
 
 
 6
 WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreements entered into by the above named parties, and having been duly sworn and having duly heard the proofs and allegations of the parties, make the AWARDS as follows:
 
 
 7
 1. Mortgage Service Associates, Inc. (MSA) shall pay to Lloyd L. Bryant the sum of $5,000.
 
 
 8
 2. MSA shall pay to Joyce Randolph the sum of ... $19,000.
 
 
 9
 ....[3]
 
 
 10
 8. As to the claim of Mark Watterson against Respondent MSA, the finding is in favor of the Respondent.
 
 
 11
 ....
 
 
 12
 10. This AWARD is in full and final settlement of any and all Claims submitted to this Arbitration.
 
 
 13
 The central disagreement lies in the ramifications of the award as it relates to the Raffones. The Raffones contend that the franchisees brought claims against all four defendants before the AAA. Consequently, they assert that a logical basis exists for a judgment solely against MSA. They conclude that the AAA settled the matter and that the matter may not be relitigated in district court. In response, the franchisees suggest that the district court incorrectly modified the award. They allege that the award against MSA was equivalent to awards against the Raffones. They contend that the district court should have entered judgment against the Raffones.
 
 
 14
 In its decision, the district court advanced the Raffones' standard that a "rational basis to support the award as entered" is the appropriate review for an arbitration award. As a result, the district court agreed that a rational basis existed for "the board of arbitrators to award plaintiffs recovery against one defendant only." Accordingly, the district court entered judgment in favor of the Raffones.
 
 
 15
 It is true that in the face of competing interpretations, if "the award is rationally inferable from the facts before the arbitrator," the court should affirm the award. Valentine Sugars, Inc. v. Donau Corp., 981 F.2d 210, 214 (5th Cir.), cert. denied, 113 S.Ct. 3039 (1993). However, it is well-settled that a district court may not interpret an ambiguous arbitration award unless the ambiguity can be resolved from the record. Flender Corp. v. Techna-Quip Co., 953 F.2d 273, 279-80 (7th Cir.1992); Island Creek Coal Sales Co. v. City of Gainesville, 764 F.2d 437, 440 (6th Cir.), cert. denied, 474 U.S. 948 (1985). Thus, this court must examine the award to determine if it was ambiguous and if so, whether any ambiguities could be resolved from the record.
 
 
 16
 The recorded portions of the award were clear. The award was specific: the arbitrators specified each franchisee and painstakingly calculated the amount each franchisee was due. The franchisees admit that testimony was heard before the AAA on behalf of all four defendants on the civil RICO allegations. The Raffones were properly represented before the panel. Finally, the panel concluded that "[t]his AWARD is in full and final settlement of any and all Claims submitted to this Arbitration."
 
 
 17
 This clarity notwithstanding, the award sheet listed only MSA in its caption. While referring repeatedly to the "claimants," the award referred to the defense in the singular "respondent." The award did not once mention Joseph Raffone, Vita Raffone, or JDRA. Nothing on the face of the award indicates how the panel decided the claims against these three defendants.[4]
 
 
 18
 There are limited circumstances "under which a district court can remand a case to the arbitrators for clarification." Colonial Penn Ins. Co. v. Omaha Indemnity Co., 943 F.2d 327, 333 (3d Cir.1991). While a remand is to be used sparingly, it may be employed to avoid judicial guessing of the meaning of arbitral awards. See NCR Corp. v. SAC-CO Inc., 43 F.3d 1076, 1081 (6th Cir.) ("A court may only remand a case back to the arbitrator when an arbitration award is ambiguous."), cert. denied, 116 S.Ct. 272 (1995); Refino v. Feuer Trans., Inc., 480 F.Supp. 562, 565 (S.D.N.Y.1979) (authorizing remand because award was ambiguous), aff'd, 633 F.2d 205 (2d Cir.1980); see also Island Creek Coal Sales, 764 F.2d at 440 ("Indeed, it is true that, as a general principle, a court does not have the power or authority to correct or modify either an incomplete or ambiguous arbitration award. Instead, the case should be resubmitted to arbitration for clarification."); Young Radiator Co. v. Local 37, United Auto., Aerospace, & Agric. Implement Workers of Am., 734 F.2d 321, 326 (7th Cir.1984) ("Where, as here, the arbitrator fails to address fully the question presented to him, remand is appropriate."); Galt v. Libbey-Owens-Ford Glass Co., 397 F.2d 439, 442 (7th Cir.), cert. denied, 393 U.S. 925 (1968) (holding that the district court was warranted in remanding an issue that was not mentioned in the award).
 
 
 19
 The interpretation of the award proffered by the district court, while credible, was one that properly belonged to the arbitration panel. It is impossible to determine the panel's decision regarding the other three defendants; these claims were simply unaddressed. While this court generally discourages arbitral remands, see Flender Corp., 953 F.2d at 279-80, the instant case represents the rare occasion when the incomplete nature of the award mandates such a return.[5]
 
 III.
 
 20
 In the Memorandum Opinion, the district court concluded:
 
 
 21
 In view of the award against MSA, as reflected in the final judgment of this court, the court is also of the opinion that MSA should be prohibited, restrained, and enjoined from any further marketing and selling of any franchise under any name whatsoever. See 18 U.S.C. § 1964(a). This prohibition naturally flows from the arbitration board's decision that MSA was guilty of multiple violations of the civil RICO statute.
 
 
 22
 In providing for a stay of judgment pending appeal, the district court hedged:
 
 
 23
 It is ... extremely difficult for a district court to accurately convert the arbitrator's award into a final judgment under these circumstances. That being the case, the court cannot declare with absolute certainty that the arbitrators intended for plaintiffs to be afforded injunctive relief as set forth in p 3 of the order. Rather, the court simply opined that this injunctive relief "naturally flow[ed]" from the arbitration board's decision that defendant MSA was guilty of multiple violations of ... 18 U.S.C. §§ 1961, et seq. Therefore, the court finds that defendants' application for stay of judgment pending appeal is well taken.
 
 
 24
 MSA suggests that the injunction was an improper modification of the arbitrator's award. It contends that the panel granted monetary relief; through silence, the panel denied injunctive relief. The franchisees counter that an injunction would enjoin MSA, already found liable for fraudulent activity, from defrauding others with its deceptive practices. They agree with the court that the injunction naturally flowed from the AAA award.
 
 
 25
 Certainly, the logic of enjoining adjudicated racketeers from defrauding others does not escape this court. Despite the appeal of such a result, the injunction in this case was granted in error. Courts are statutorily limited from modifying arbitration awards. See 9 U.S.C. § 11; NCR Corp., 43 F.3d at 1080 ("A court's power to modify an arbitration award is confined to the grounds specified in [9 U.S.C.] § 11."). The exigencies permitting such amendment do not exist in this case. The arbitration panel was clear about the awards against MSA. Nothing in the award indicated that the panel intended to provide injunctive relief. By attempting to divine the intent of the arbitration panel, the district court improperly amended the award. In sum, the court exceeded its authority by issuing the injunction.[6]
 
 IV.
 
 26
 This court VACATES the order of injunction against MSA. This court VACATES the entry of judgment in favor of the Raffones and REMANDS this case to arbitration for clarification of the award against the Raffones.
 
 
 
 *
 The Honorable Julia S. Gibbons, Chief United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 The initial action included other plaintiffs who have not joined the franchisees on appeal
 
 
 [2]
 MSA conducted a nationwide property inspection business for lending institutions. MSA arranged to receive information from mortgage or lending institutions that specified mortgage properties to be inspected or serviced. MSA would disseminate this information to individual franchisees, who would then inspect or service the property
 
 
 [3]
 The award made similar findings that "MSA shall pay" Thomas McNamara, Alpha Properties, Richard Ganey, Bill and Rachel Overstreet, and Larry Robertson
 
 
 [4]
 The Raffones argue that the award was unambiguous in that the listed awards were meritorious and all others were denied. However, award number eight read as follows: "As to the claim of Mark Watterson against Respondent MSA, the finding is in favor of the Respondent." The order of award did not simply list the meritorious claims. In fact, the submission of paragraph eight lends credence to the idea that the claims against the non-MSA defendants were not considered by the panel
 
 
 [5]
 This court recognizes that the
 common law required courts either to vacate or to enforce the [arbitration] award in whole; courts could not remand a portion of the award to the arbitrator for reconsideration. This rule was based on the notion that after an arbitrator has rendered an award, his contractual powers have lapsed and he is "functus officio." This rule, however, has its limits. A remand is proper, both at common law and under the federal law of labor arbitration contracts, to clarify an ambiguous award or to require the arbitrator to address an issue submitted to him but not resolved by the award.
 Industrial Mut. Ass'n, Inc. v. Amalgamated Workers, Local 383, 725 F.2d 406, 412 n. 3 (6th Cir.1984) (citations omitted).
 
 
 [6]
 It is questionable whether the franchisees, as private litigants, are even entitled to injunctive relief in this RICO action. This issue was explored in the seminal case, Religious Technology Ctr. v. Wollersheim, 796 F.2d 1076 (9th Cir.1986), cert. denied, 479 U.S. 1103 (1987). Surveying the legislative history of 18 U.S.C. § 1964, the Ninth Circuit held "that injunctive relief is not available to a private plaintiff in a civil RICO action." Id. at 1077. But see National Org. for Women, Inc. v. Scheidler, 897 F.Supp. 1047, 1081-83 (N.D.Ill.1995) (explaining that purpose behind RICO required broad interpretation of the statute). Although we find the Wollersheim analysis persuasive, because this matter can be disposed of by other means, we do not rule on whether injunctive relief is available to the franchisees